**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 119060

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**ROCHESTER DIVISION**

| | |
|---|---|
| Michele Susino, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>Lacy Katzen LLP,<br><br>　　　　　　　　　　Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Michele Susino, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Lacy Katzen LLP (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.　　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.　　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Michele Susino is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Lacy Katzen LLP, is a New York Limited Partnership with a principal place of business in Monroe County, New York.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated October 17, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24. The Letter was received and read by Plaintiff.

25. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

26. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

27. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692g(b) and 1692e**

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein

29. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

30. 15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

31. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

32. A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

33. A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

34. A debt collector has the obligation, not just to convey the required information, but

3

also to convey such clearly.

35. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

36. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

37. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

38. The Letter indicates it is from a law firm.

39. The least sophisticated consumer would likely assume that because the Letter is from a law firm an attorney has been meaningfully involved in the sending of the Letter.

40. The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

41. As such, the least sophisticated consumer would likely feel threatened.

42. As such, the least sophisticated consumer would likely feel intimidated.

43. As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if payment was not immediately made.

44. The Letter sets forth the validation notice required by 15 U.S.C. § 1692g(a).

45. The validation notice, however, is located on the second page of the Letter.

46. The first page of the Letter contains no visually conspicuous transitionary language, such as "**See Important Notice on Page 2**," directing the reader's attention to the validation notice located on the second page.

47. The first page of the Letter does not otherwise direct the reader's attention to the validation notice in any way.

48. The Letter contains no statement advising that Plaintiff's rights to seek validation of the debt, or to dispute the debt, is unaffected by the fact that the Letter came from a law firm.

49. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter would discourage the least sophisticated consumer from reading the validation notice.

50. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter would discourage the least sophisticated consumer from exercising her rights.

51. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter would likely make the least sophisticated consumer uncertain as to his rights.

52. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter would likely make the least sophisticated consumer confused as to his rights.

53. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter would likely make the least sophisticated consumer overlook his rights.

54. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter makes the required validation notice easy to overlook.

55. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter makes the required validation notice appear as boilerplate language.

56. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter makes the required validation notice appear unimportant.

57. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter overshadows Plaintiff's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

58. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter overshadows Plaintiff's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

59. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter is inconsistent with Plaintiff's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

60. The lack of any language in the first page of the Letter directing the reader to the validation notice on the second page of the Letter is inconsistent with Plaintiff's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

61. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

62. A collection letter violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

63. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as described herein, it violates 15 U.S.C. § 1692e.

64. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b) and 1692e and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

65. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

66. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

67. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

68. The Class consists of more than thirty-five persons.

69. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

70. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant

has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

71. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

72. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: April 14, 2020

    **BARSHAY SANDERS, PLLC**

    By:  _/s/ Craig B. Sanders_
    Craig B. Sanders, Esquire
    100 Garden City Plaza, Suite 500
    Garden City, New York 11530
    Tel: (516) 203-7600
    Fax: (516) 706-5055

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119060